THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BOBBY L. DICKERSON, Defendant-Appellant.

Third District    No. 3—08—0061

Opinion filed July 22, 2009.

Fletcher P. Hamill, of State Appellate Defender's Office, of Ottawa, for appellant.

James D. Owens, State's Attorney, of Toulon (Terry A. Mertel, Robert J. Biderman, and Linda S. McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCHMIDT delivered the opinion of the court:

Defendant, Bobby Dickerson, was convicted of delivery of a controlled substance and sentenced to six years' imprisonment. Defendant appeals his conviction and sentence, arguing that the trial judge utilized the wrong legal standard when he conducted an inquiry into his claim of ineffective assistance of counsel. We affirm.

## BACKGROUND

Defendant was charged by information with delivery of a controlled substance. The information alleged that defendant delivered between 1 and 15 grams of cocaine to Robert Drummond.

During the bench trial, Drummond testified that he was an Illinois State Police agent assigned to the Peoria Metropolitan Enforcement Group (MEG). His duties included conducting undercover narcotic transactions. On September 30, 2004, Drummond went to a residence in Toulon, Illinois, and spoke with a confidential informant who lived there. Several other MEG officers conducted surveillance of the house.

The informant made a phone call and then he and Drummond went out to the backyard to wait for someone to arrive. Approximately 25 minutes later, defendant arrived, along with his son. The defendant stated he was not comfortable outside, so everyone went inside the house. At the defendant's request, the defendant, Drummond, and the informant all went into the bathroom. Defendant's son stayed in the living room area.

While inside the bathroom, defendant asked Drummond if he was with the police, and Drummond replied that he was not. Defendant gave Drummond three bags of suspected crack cocaine, and Drummond gave defendant $150. At the conclusion of the transaction, everyone left the house.

Peoria County Deputy Charlie Rodgers testified that he was a MEG officer and that he conducted a surveillance of the first floor of the house at the residence in question on the date of the incident. He identified People's exhibit No. 2 as an approximately two-minute-long video of the defendant's encounter with Drummond and the informant in the living room of the house. Rodgers admitted that the video did not depict the transaction in the bathroom because he had not set up

any surveillance of that room. No audio surveillance was conducted that day.

Following Rodgers' testimony, the case was continued for the completion of the bench trial. The continuation of the bench trial did not occur until November 21, 2007. On this date, Aaron Roemer testified that he analyzed the items that defendant had given Drummond and found they contained 1.06 grams of cocaine.

Following arguments, the trial judge found defendant guilty of delivery of a controlled substance. Defendant's attorney filed a motion for new trial, which was denied. The judge then stated that he understood that defendant had complaints about his attorney and allowed him to express his complaints. Defendant said that he was innocent and that his attorney was not sufficiently diligent. Specifically, defendant felt that his attorney allowed the prosecutor to misstate the evidence during closing arguments and failed to point out contradictions in the testimony of the State's witnesses. Counsel responded to defendant's allegations, indicating that he felt he had done nothing wrong.

The judge stated that he had to evaluate whether counsel's performance fell below a reasonable standard of competence and, if so, whether his performance affected the outcome of the case. The judge found that counsel was zealous in his representation of defendant stating, "I thought he did a good job. He was vigorous. He cross-examined the forensic scientist, Aaron Roemer, probably more vigorously than 95 percent of the cases I see, regarding his analysis and conclusions ***." Referencing the United States Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 688, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), the judge ruled that "none of the [defendant's] statements met the *Strickland* test," and that counsel's performance "exceeded the level required by Illinois law."

The cause proceeded to a sentencing hearing. The State requested an extended-term sentence of 12 years' imprisonment. Defendant requested a sentence of probation or near the minimum of four years' imprisonment. The judge sentenced the defendant to six years' imprisonment. Defendant filed a motion to reconsider sentence, which was denied. Defendant appeals.

## ANALYSIS

Defendant argues that the trial court erroneously evaluated defendant's claim under *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), rather than first determining whether new counsel should be appointed to argue defendant's assertions regarding the ineffectiveness of trial counsel. Defendant requests

that this cause be remanded to allow the judge to conduct the appropriate inquiry. We reject defendant's argument.

The right to effective assistance of counsel, as guaranteed by both the United States and Illinois Constitutions, includes the right to have the undivided loyalty of counsel, free from any conflict of interest. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8; *Glasser v. United States*, 315 U.S. 60, 75-76, 86 L. Ed. 680, 702, 62 S. Ct. 457, 467 (1942). The two-prong test for evaluating posttrial claims of ineffective assistance of trial is set out in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Ineffective assistance requires a showing that: (1) counsel's performance was deficient or fell below an objective standard of reasonableness; and (2) defendant suffered prejudice as a result of counsel's deficient performance. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.

There is no *per se* rule that new counsel must be appointed every time a defendant alleges ineffective assistance of trial counsel in a posttrial motion. *People v. Nitz*, 143 Ill. 2d 82, 134, 572 N.E.2d 895, 919 (1991). If the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion. However, if the allegations show possible neglect of the case, new counsel should be appointed. *People v. Moore*, 207 Ill. 2d 68, 77-78, 797 N.E.2d 631, 637 (2003); *People v. Chapman*, 194 Ill. 2d 186, 230, 743 N.E.2d 48, 74 (2000).

When addressing a similar situation, the Illinois Supreme Court in *Moore* stated:

"The operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the defendant's *pro se* allegations of ineffective assistance of counsel. [Citation.] During this evaluation, some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary in assessing what further action, if any, is warranted on a defendant's claim. *** A brief discussion between the trial court and the defendant may be sufficient. [Citations.] Also, the trial court can base its evaluation of the defendant's *pro se* allegations on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face." *People v. Moore*, 207 Ill. 2d at 78.

In the case at bar, the trial judge addressed the defendant's concerns by allowing him to state his complaints. Defendant argued that the video presented by the State did not show defendant making a hand-to-hand drug transaction. Specifically, defendant claimed that

his attorney allowed the prosecutor to misstate the evidence regarding this video during closing arguments. Further, defendant claimed that the forensic scientist that analyzed the crack cocaine provided false testimony. After hearing defendant's specific complaints and consulting defense counsel, the trial judge stated:

"Under Illinois law, the Court looks at it as to whether or not Mr. Sheets' performance fell below the level of accepted competence, and, if it had, whether it really affected the outcome of the trial, or, on the other hand, what he did here, was it just trial strategy.

In this case, I thought he did a good job. He was vigorous. He cross-examined the forensic scientist, Aaron Roemer, probably more vigorously than 95 percent of the cases I see, regarding his analysis and his conclusions, and he was the only one that examined, and I think that Mr. Dickerson is just wrong regarding the woman. That was just a chain of custody, that she brought it back and forth and had it.

I don't find that any of the statements meet what we call the *Strickland* test, and even though I note this, I find after this limited inquiry, I find Mr. Sheets' performance was, exceeded the level required by Illinois law."

The trial court considered defendant's concerns, reviewed counsel's actions, and concluded that counsel provided effective representation. While the judge mentioned the *Strickland* prejudice prong, this does not change the fact that the court looked at defendant's allegations and determined them to be meritless. See *People v. Chapman*, 194 Ill. 2d 186, 229-30, 743 N.E.2d 48, 75 (2000).

In *Chapman,* the trial court referenced the *Strickland* prejudice prong when it ruled on defendant's *pro se* motion for ineffective assistance of counsel. The defendant argued that the trial court erroneously evaluated defendant's claim under *Strickland*, rather than first determining whether new counsel should be appointed to argue defendant's assertions regarding the ineffectiveness of trial counsel. *Chapman*, 194 Ill. 2d at 230. The court explained that, although the trial court referenced the *Strickland* prejudice prong, this did not alter the fact that the matters about which defendant complained lacked merit and involved a question of trial strategy. The record revealed that the trial court made a significant effort to explore the matters defendant raised in the motion. *Chapman*, 194 Ill. 2d at 229-30.

As in *Chapman*, it is clear the trial judge in the instant case ruled on the first prong of *Strickland* when he found that the trial counsel's performance exceeded what is required by Illinois law. How can one evaluate whether counsel is ineffective without analyzing whether counsel's performance was deficient? This just so happens to also be the first prong of *Strickland. Strickland,* 466 U.S. at 687, 80 L. Ed. 2d

at 693, 104 S. Ct. at 2064. Why is defendant's claim of ineffective assistance of counsel without merit? It is because the trial court found, in essence, that defendant could never meet the first prong of the *Strickland* test. Logic dictates that reference to *Strickland* under these circumstances cannot be error.

Defendant does not argue that the trial judge failed to make an adequate inquiry into his claim; he argues that the court cannot mention the *Strickland* standard without first appointing new counsel. We disagree. Just as in *Chapman*, we hold that where a court correctly inquires into defendant's allegation and concludes counsel provided effective representation, it is not error to make a passing reference to *Strickland*. *Chapman*, 194 Ill. 2d at 229-30. The trial court made a proper inquiry and then concluded that trial counsel's performance was more than competent. Accordingly, we find no error.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Stark County is affirmed.

Affirmed.

O'BRIEN, P.J., and LYTTON, J., concur.